1

2

3                    UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF WASHINGTON
4                          AT TACOMA

5   FARAJI O. BLAKENEY,

6                        Petitioner,                CASE NO. C12-5269 RBL/KLS

7         v.                                        ORDER DIRECTING FURTHER
                                                    RESPONSE FROM PETITIONER
8   PATRICK GLEBE,                                  REGARDING "MIXED" PETITION

9                        Respondent.

10        *Pro se* petitioner Faraji O. Blakeney, proceeding *in forma pauperis,* petitions for 28

11  U.S.C. § 2254 relief from his 2007 jury-trial convictions for the unlawful manufacture and

12  possession with intent to non-sequentially deliver of a controlled substance (cocaine), unlawful

13  possession of a firearm in the first degree, possession of stolen property in the second degree,

14  identity theft in the second degree, and unlawful possession of a controlled substance.  ECF No.

15  18.[1]  Mr. Blakeney presents two habeas grounds:  (1) as to each count there was insufficient

16  evidence of his exercise of dominion and control over the apartment and, therefore, insufficient

17  evidence that he constructively possessed the drugs, firearm, and stolen property, and (2) the trial

18  court erred by giving the jury instruction on accomplice liability after the commencement of the

19  State's closing argument.  *Id.*, pp. 5-10.

20        Respondent concedes that Mr. Blakeney has exhausted his first claim (ECF No. 15, p. 4

21  citing ECF No. 16, Exh. 20), but argues that Mr. Blakeney has failed to exhaust his second claim

22

23

24        [1] Mr. Blakeney was granted leave to amend his petition on June 11, 2012.  ECF No. 14.  However, the
    proposed petition, affidavit, and memorandum (attachments to ECF No. 12) were not docketed separately until
    October 9, 2012.  These now appear on the docket at ECF Nos. 18 and 19.

REPORT AND RECOMMENDATION - 1

1   because, although he raised it in the Washington Court of Appeals on direct appeal, the claim

2   was not presented in his petition for review in the Supreme Court (ECF No. 16, Exh. 20) and it

3   was not raised in his personal restraint petition.  *Id.*  Therefore, Respondent argues that Mr.

4   Blakeney's habeas petition is a "mixed" one containing exhausted and unexhausted claims.  See

5   *Rose v. Lundy*, 455 U.S. 509 (1982).  Nevertheless, Respondent has briefed the merits of the

6   second ground for relief and proposes that while the Court may not grant relief, it is not

7   precluded from denying relief on an unexhausted claim.  See 28 U.S.C. § 2254(b)(2) ("An

8   application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure

9   of the applicant to exhaust the remedies available in the courts of the State.")

10        Mr. Blakeney concedes that his failure to exhaust his second ground for relief has

11   resulted in a mixed petition.  ECF No. 17, at 1.  He asks the Court to dismiss the second ground

12   and proceed to determine his first ground on the merits.

13        The Court has several options when faced with a mixed habeas petition containing

14   exhausted and unexhausted claims: (1) dismiss the mixed petition without prejudice to allow the

15   petitioner to present his unexhausted claims to the state court and then return to federal court to

16   file a new habeas petition containing all of the claims; (2) stay the mixed petition to allow the

17   petitioner to present his unexhausted claims to the state court and then return to federal court for

18   review of his perfected petition; and (3) allow the petitioner to delete the unexhausted claims and

19   to proceed with the exhausted claims.  See *Rhines v. Weber*, 544 U.S. 269, 274–79, 125 S.Ct.

20   1528, 161 L.Ed.2d 440 (2005).

21        If a district court exercises the first option, dismissal, a petitioner runs the risk of running

22   afoul of the one-year statute of limitations period imposed by a provision of the Antiterrorism

23   and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), because the statute

24

REPORT AND RECOMMENDATION - 2

1    of limitations is not tolled during the pendency of a federal petition.  See *Duncan v. Walker*, 533

2    U.S. 167, 181–82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

3         If a district court exercises the second option, also known as "stay and abeyance," a

4    petitioner must have shown that there was good cause for his failure to exhaust his claims first in

5    state court and, even then, no stay may be granted when the petitioner's unexhausted claims are

6    plainly meritless.  *Rhines*, 544 U.S. at 277.

7         If a district court exercises the third option, permitting only the exhausted claims to

8    proceed, a petitioner might face high procedural hurdles were he to bring a second or successive

9    habeas petition that challenges the same underlying convictions.  See *Burton v. Stewart*, 549 U.S.

10   147, 154, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (noting that habeas petitioners proceeding with

11   only exhausted claims may risk subjecting later petitions that raise new claims to rigorous

12   procedural obstacles); *Cooper v. Calderon*, 274 F.3d 1270, 1272–73 (9th Cir.2001) (per curiam)

13   (noting that the relevant statutes greatly restrict the power of federal courts to award relief to

14   state prisoners who file second or successive habeas corpus applications); 28 U.S.C. § 2244(b)

15   (providing that a claim presented in a second or successive § 2254 habeas petition "shall" be

16   dismissed unless certain substantive and procedural requirements are met).

17        Mr. Blakeney is directed to review the foregoing options.  He is further directed to

18   indicate to the Court whether he still wishes the Court to dismiss his second ground.  Mr.

19   Blakeney should provide this response to the Court **on or before October 26, 2012.**  The

20   petition (ECF No. 12-1) is **re-noted** for consideration on **November 2, 2012.**

21        **DATED** this  9th   day of October, 2012.

22

23                                             Karen L. Strombom
                                              United States Magistrate Judge
24

REPORT AND RECOMMENDATION - 3