UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FARAJI O. BLAKENEY,

    Petitioner,

v.

PATRICK GLEBE,

    Respondent.

CASE NO. C12-5269 RBL/KLS

REPORT AND RECOMMENDATION

**Noted for January 18, 2013**

*Pro se* petitioner Faraji O. Blakeney, proceeding *in forma pauperis,* petitions for 28 U.S.C. § 2254 relief from his 2007 jury-trial convictions for the unlawful manufacture and possession with intent to deliver of a controlled substance (cocaine), unlawful possession of a firearm in the first degree, possession of stolen property in the second degree, identity theft in the second degree, and unlawful possession of a controlled substance. ECF No. 18.[1] Mr. Blakeney presented two habeas grounds: (1) as to each count there was insufficient evidence of his exercise of dominion and control over the apartment and, therefore, insufficient evidence that he constructively possessed the drugs, firearm, and stolen property, and (2) the trial court erred by giving the jury instruction on accomplice liability after the commencement of the State's closing argument. ECF No. 18, pp. 5-10.

---

[1] Petitioner was granted leave to file an amended petition (ECF No. 14). However, the amended petition and memorandum were not docketed separately until October 9, 2012. ECF Nos. 18-19.

REPORT AND RECOMMENDATION - 1

1  Respondent conceded that Mr. Blakeney exhausted his first ground for relief (ECF No.
2  15, p. 4 citing ECF No. 16, Exh. 20), but argued that Mr. Blakeney failed to exhaust his second
3  ground for relief because, although he raised it in the Washington Court of Appeals on direct
4  appeal, the claim was not presented in his petition for review in the Supreme Court (ECF No. 16,
5  Exh. 20) and it was not raised in his personal restraint petition.  *Id.*  Mr. Blakeney conceded that
6  he failed to exhaust his second ground and asked that the Court dismiss it and proceed to
7  determine his first ground on the merits.  ECF No. 17, p. 1.  In an Order dated October 9, 2012,
8  the Court explained to Mr. Blakeney the available options when the Court is faced with a mixed
9  petition containing exhausted and unexhausted claims.  ECF No. 20.  Mr. Blakeney responded by
10 filing a motion to dismiss the unexhausted second ground for relief.  ECF No. 21.  Respondent
11 does not oppose the motion.  ECF No. 22.

12  The undersigned recommends that Mr. Blakeney be allowed to dismiss his unexhausted
13 second ground and proceed with the first ground only.  As to the first ground, the undersigned
14 finds that it should be denied on the merits, that an evidentiary hearing is unnecessary, and that a
15 certificate of appealability should be denied.

**FACTS AND PROCEDURAL BACKGROUND**

17  The Washington Court of Appeals summarized the facts of Mr. Blakeney's case as
18 follows:

> During the morning of September 8, 2006, eight Pierce County sheriff's deputies with a search warrant entered a residence at 2540 62nd Avenue East in Fife. Inside, police discovered Blakeney in one of two bedrooms along with three minors and Iata in the living area.[1]
>
> In the kitchen, police found three boxes of baking soda, three microwaves, a measuring cup, glassware, utensils, and razor blades. There was cocaine residue on all the items. They also found a police radio scanner and marijuana.

In a bedroom, in a shoe box police found materials for measuring narcotics, various amounts of cash totaling $659; in a second shoe box, they found $6,250, marijuana, and a tin with cocaine residue. In the closet, they also found a leather shoulder holster, measuring cup, razor, letter opener, and other materials with cocaine residue. Under a pile of clothes, they found a loaded Colt .357 revolver and ammunition.

In the second bedroom's closet, police found a blue denim purse with rocks of cocaine, a loaded Smith and Wesson .38 revolver, a broken scale, $130, and Iata's identification. In the closet, they also found documents, including a bank statement for a joint account held by Iata and Blakeney that listed 2540 62nd Avenue East as their address.[2] Finally, police found Stacy Loepp's military identification, Washington identification, Macy's credit card, and Social Security card. Loepp testified at trial that someone had stolen the items from her in January 2006.

At trial, the State called a Fife School District agent. He testified that there was a school bus route stop 266 feet from the apartment.

During the State's closing argument, both defense counsel objected to the State arguing an accomplice liability theory without presenting an accomplice liability instruction to the jury. The trial court denied Blakeney and Iata's motion for a mistrial and supplemented the jury instructions to include accomplice liability. After the supplementation, the State completed its closing argument. The jury convicted both Blakeney and Iata on all counts.

[1] Additionally, deputies arrested a teenage male near the entrance and an adult male and female couple in the second bedroom. Neither the adults in the second bedroom nor the three minors found in the first bedroom are defendants in this case. [Footnote by the court.]

[2] One of the documents with Blakeney's name on it listed a different address in Tacoma. [Footnote by the court.]

ECF No. 16, Exh. 19, pp. 2-4.

Through counsel, Mr. Blakeney appealed to the Washington Court of Appeals, challenging the sufficiency of the evidence as to each count and failure to provide a jury instruction on accomplice liability. ECF No. 16, Exh. 13, pp. 9-15, 16-23. Mr. Blakeney filed a pro se statement of additional grounds for review under RAP 10.10, arguing there was insufficient evidence to support the school bus route stop and firearm sentence enhancements.

REPORT AND RECOMMENDATION - 3

1  *Id.*, Exh. 14.  Mr. Blakeney's appeal was consolidated with the appeal of his co-defendant Iata,

2  who also filed briefs through her appellate counsel and a pro se statement of additional grounds.

3  See *id.,*Exhs. 16-18.  On June 30, 2009, the Court of Appeals affirmed the convictions in an

4  unpublished opinion.  *Id.*, Exh. 19.

5        Acting pro se, Mr. Blakeney sought discretionary review by the Washington Supreme

6  Court arguing insufficiency of evidence as to:  (1) constructive possession, (2) the nexus between

7  the firearm possession and the crimes, and (3) the school bus stop enhancement.  *Id.*, Exh. 20, at

8  7-18.  On January 5, 2010, the Supreme Court denied review without comment.  *Id.*, Exh. 21.

9  The Court of Appeals issued its mandate on January 22, 2010.  *Id.*, Exh. 22.

10        In January 2011, Mr. Blakeney filed a personal restraint petition with the Washington

11  Court of Appeals challenging only the trial court's instruction that the jury must be unanimous in

12  order to answer "yes" to the firearm and school bus zone special verdicts.  ECF No. 16, Exh. 23,

13  at 2. The Chief Judge of the Court of Appeals rejected Mr. Blakeney's argument and dismissed

14  the petition. *Id.*, Exh. 26.  Mr. Blakeney sought discretionary review by the Washington Supreme

15  Court, presenting the same claim he raised in his personal restraint petition.  *Id.*, Exh. 27.  The

16  Commissioner of the Washington Supreme Court denied discretionary review.  *Id.*, Exh. 28.  Mr.

17  Blakeney filed a motion to modify the Commissioner's ruling.  *Id.*, Exh. 29.  On March 27, 2012,

18  the Supreme Court denied Mr. Blakeney's motion to modify.  *Id.*, Exh. 30.  The Court of

19  Appeals issued its certificate of finality on May 11, 2012.  *Id.*, Exh. 31.

20                           **DISCUSSION**

21  **I.**       **Habeas Review Standard**

22        Mr. Blakeney contends that the Washington courts reached a decision regarding his claim

23  of ineffective assistance of counsel that was an "unreasonable application" of clearly

24

established law as it has been determined by the United States Supreme Court.  *See* 28 U.S.C. § 2254(d)(1).  Under the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") "unreasonable application" clause, a federal habeas court may grant a writ of habeas corpus only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  *Williams v. Taylor*, 529 U.S. 362, 407–09 (2000).  In addition, a state court's decision may be overturned only if the decision is "objectively unreasonable." *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).   When it is clear that the state court did not reach the merits of a properly raised issue, a federal habeas court will review the issue *de novo.  See Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).  Nonetheless, factual determinations by the state court are presumed correct and can be rebutted only by clear and convincing evidence.  *Id.* at 1168; 28 U.S.C. § 2254(e).

## II.    Exhaustion of State Court Remedies

As noted above, Mr. Blakeney concedes that he failed to exhaust his state court remedies as to his second claim.  After being advised by the Court of the options available with mixed petitions, Mr. Blakeney moves the Court to dismiss second ground and proceed to determine his first ground on the merits.  ECF No. 21.  Respondent does not oppose the motion.  ECF No. 22. The undersigned recommends that Mr. Blakeney's motion to dismiss be granted and that he be allowed to proceed as to the first ground of his habeas petition only.

## III.    Evidentiary Hearing

The decision to hold a hearing is committed to the Court's discretion.  *Schriro v. Landrigan*, 550 U.S. 465,127 S. Ct. 1933, 1939-41 (2007).  "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 127 S. Ct. at

1940. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, ---U.S.---, 131 S. Ct. 1388 (2011). The Court finds it unnecessary to hold an evidentiary hearing because Mr. Blakeney's habeas claim present legal questions only and may be resolved by review of the state court record.

## IV.     Ground One – Insufficient Evidence of "Dominion and Control"

Mr. Blakeney argues that the evidence presented at his trial was constitutionally insufficient to support his convictions. He states that every crime of which he was convicted was based on "constructive possession since no actual possession occurred." He contends that there was insufficient evidence to prove he had "dominion and control over the illegal items or dominion and control over the premises and knowledge of the presence of contraband within." ECF No. 18, at 5, 8-9.

The Constitution forbids the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt. *In re Winship*, 397 U.S. 358 (1970). When evaluating a claim of insufficiency of the evidence to support a conviction, the reviewing court must decide "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319-320 (1979) (emphasis in original); *citing Johnson v. Louisiana*, 406 U.S. 356, 362, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972).

A reviewing court "faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

1 *Wright v. West*, 505 U.S. 277, 296-97 (1992) (quoting *Jackson*, 443 U.S. at 319) (citations

2 omitted).  "*Jackson* leaves juries broad discretion in deciding what inferences to draw from the

3 evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic

4 facts to ultimate facts.'"  *Coleman v. Johnson*, 132 S. Ct. 2060, 2064 (2012) (quoting *Jackson,*

5 443 U.S. at 419).  The jury is entitled to believe the State's evidence and to disbelieve the

6 defense's evidence.  *Wright*, 505 U.S. at 296.  The *Jackson* inquiry focuses not on whether the

7 trier of fact made the "correct" guilt or innocence determination but on whether it made a

8 rational decision to convict or acquit.  *Herrera v. Collins*, 506 U.S. 390, 402, 113 S.Ct. 853

9 (1993); *see also Coleman v. Johnson*, 132 S. Ct. at 2065 ("[T]he only question under *Jackson* is

10 whether [the jury's] finding was so insupportable as to fall below the threshold of bare

11 rationality.").  Sufficiency claims are limited to a review of the record evidence submitted at the

12 trial. *Herrera*, 506 U.S. at 402.  In addition, the "standard must be applied with explicit reference

13 to the substantive elements of the criminal offense as defined by state law."  *Jackson*, 443 U.S. at

14 324 n.16.

15
    Under Washington law, possession may be either actual or constructive.  *State v. Staley*,
16
  123 Wn.2d 794, 798, 872 P.2d 502 (1994).  A showing of dominion and control requires more
17
  than mere proximity, but it is not necessary to show exclusive control.  *State v. Hystad*, 36 Wn.
18
  App. 42, 49, 671 P.2d 793 (1983).  See also *State v. Partin*, 88 Wash.2d 899, 567 P.2d 1136
19
  (1977 (evidence sufficient to prove constructive possession where defendants' numerous
20
  personal items, including a payment book for the purchase of the home, were found on the
21
  premises) (*overruled on other grounds in State v. Lyons,* 174 Wash.2d 354, 275 P.3d 314
22
  (2012)); *State v. Davis*, 16 Wash.App. 657, 558 P.2d 263 (1977) (dominion and control may be
23
  inferred from payment of rent or possession of keys); compare with *State v. Knapstad*, 107
24

1 Wash.2d 346, 729 P.2d 48 (1986) (evidence insufficient to prove constructive possession where

2 a credit card receipt and traffic ticket found in residence indicated that the defendant resided

3 elsewhere).

4     The Washington Court concluded that there was sufficient evidence supporting the jury's

5 finding that Mr. Blakeney exercised dominion and control over the apartment and the areas

6 where police found contraband, including the cocaine, firearm, marijuana, and stolen property:

> To prevail on his sufficiency of the evidence challenge, Blakeney must show that any rational fact finder could have found the elements of a crime beyond a reasonable doubt. *State v. Allen*, 159 Wn.2d 1, 7, 147 P.3d 581 (2006). We review the evidence in the light most favorable to the State and weigh all reasonable inferences from the evidence in its favor and most strongly against the defendant. *State v. Gregory*, 158 Wn.2d 759, 817, 147 P.3d 1201 (2006).
>
> Because Blakeley [sic] concedes that sufficient evidence supported a finding of manufacturing controlled substances, we must determine whether sufficient evidence also supported a finding that he exercised dominion and control over the premises and therefore constructively possessed the manufactured contraband and the manufacturing process. *State v. Staley*, 123 Wn.2d 794, 798, 872 P.2d 502 (1994). Possession may be either actual or constructive. *Staley*, 123 Wn.2d at 798. Mere proximity cannot establish dominion and control. *State v. Hystad*, 36 Wn. App. 42, 49, 671 P.2d 793 (1983). Dominion and control need not be exclusive; the State can establish it through circumstantial evidence. *State v. Wood*, 45 Wn. App. 299, 312, 725 P.2d 435 (1986).
>
> The police found Blakeney in a bedroom in the apartment listed on the search warrant. In this bedroom, police found documents addressed to him, including a bank statement addressed to both Iata and him. From this evidence, a jury could find that both resided in the apartment. A loaded handgun was in the bedroom closet where police found him. The kitchen was in an open area and accessible from other areas of the apartment. He also exercised dominion and control over the implements of manufacture, including cocaine-laced microwaves, bowls, measuring cups, and knives. Therefore, because constructive possession need not be exclusive, sufficient evidence supported the jury's finding that Blakeney exercised dominion and control over the apartment and the areas where police found contraband, including the cocaine, firearm, marijuana, and stolen property. His insufficiency argument fails.

23 ECF No. 16, Exhibit 19, at 4-5.

REPORT AND RECOMMENDATION - 8

1    The Washington Court of Appeals correctly applied the standard set forth in *Jackson v.*
2 *Virginia.* There was substantial evidence admitted at trial from which a rational jury could have
3 concluded Mr. Blakeney exercised dominion and control over the premises where he was
4 arrested and was, therefore, in possession of the drugs, paraphernalia, firearm, and stolen
5 property.  When the law enforcement officers arrived at the apartment on September 8, 2006,
6 they found Mr. Blakeney in bed in a back bedroom in the southwest corner of the apartment.
7 ECF No. 16, Exhibit 2, at 222-23, 262. In a shoebox in a corner of the bedroom officers found a
8 blue-colored glass dish with a metal measuring spoon, both of which had a white powder residue
9 of cocaine and bicarbonate of soda.  *Id.*, Exhibit 3, at 297-98; Exhibit 4, at 537, 551.  The
10 officers also found several amounts of currency hidden in different places within the bedroom.
11 *Id.*, Exhibit 3, at 298-300.  In a shoebox on the top shelf of a closet, officers found $6,250 in
12 cash, a quantity of marijuana, and a tin containing cocaine residue.  *Id.*, Exhibit 3, at 300-03,
13 345, 441-42; Exhibit 4, at 538.  Also in that closet officers found a shoulder holster, as well as a
14 plastic cup, a razor blade, and a brass letter opener, each containing cocaine residue.  *Id.*, Exhibit
15 3, at 304-06; Exhibit 4, at 538-40.  On a shelf in the closet, under a pile of men's clothing, was a
16 loaded Colt .357 revolver.  *Id.*, Exhibit 3, at 308-09, 311, 321.
17    Officers also found several items of paperwork addressed to Lerissa Iata and/or Faraji
18 Blakeney at the apartment bearing the apartment's address.  *Id.*, Exhibit 3, at 313-14.
19 Additionally, officers found a social security card, a U.S. military ID card, and a Washington ID
20 card, all of which had been stolen from Stacy Loepp.  *Id.*, Exhibit 3, at 322, 428-32.  In the
21 kitchen of the apartment, officers found baking soda, three microwave ovens, a Pyrex measuring
22 cup, and glassware, all with cocaine residue on them.  *Id.*, Exhibit 3, at 314-17; Exhibit 4, at 542-
23 44.  From this evidence a rational jury could conclude that Mr. Blakeney resided at the apartment
24

REPORT AND RECOMMENDATION - 9

and had dominion and control over the entire apartment.  He was notably in bed at the time the officers arrived in the back bedroom where much of the incriminating evidence was found.

The state court's adjudication of Mr. Blakeney's insufficient evidence claim was not contrary to, or an unreasonable application of, clearly established federal law, i.e, *Jackson v. Virginia,* as determined by the Supreme Court.   Any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard and based on a thorough review of the record and analysis of the law in this case, this Court concludes that Mr. Blakeney is not entitled to a certificate of appealability with respect to Claim 1 of his petition.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that Mr. Blakeney's motion to dismiss his second ground (untimely jury instructions) (ECF No. 21) be **GRANTED,** and that his first ground (insufficient evidence of constructive possession) be **DENIED on the merits.**

1   Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2   fourteen (14) days from service of this Report and Recommendation to file written objections.
3   See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections
4   for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit
5   imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 18,**
6   **2013**, as noted in the caption.

7

8   **DATED** this   2nd   day of January, 2013.

9

10                                         Karen L. Strombom
11                                         United States Magistrate Judge

REPORT AND RECOMMENDATION - 11